**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DAVID W. ELMORE, SR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-347-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff David W. Elmore, Sr., on September 28, 2020, and Plaintiff's Opening Brief [DE 20], filed June 4, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 17, 2021, the Commissioner filed a response, and Plaintiff filed his reply on December 6, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On June 15, 2018, Plaintiff filed an application for benefits alleging that he became disabled on February 3, 2016. Plaintiff's application was denied initially and upon consideration. On September 26, 2019, Administrative Law Judge ("ALJ") Charles J. Thorbjornsen held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On October 29, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2.      The claimant has not engaged in substantial gainful activity since February 3, 2016, the alleged onset date.

3.    The claimant has the following severe impairment: lumbar degenerative disc disease status post-fusion L4-S1, with radiculopathy.

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) where the claimant can lift twenty (20) pounds occasionally and ten (10) pounds frequently; can carry twenty (20) pounds occasionally and ten (10) pounds frequently; sit for six (6) hours, stand for six (6) hours, and walk for six (6) hours; the claimant can push/pull as much as he can carry. The claimant can climb ramps and stairs occasionally but never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights, and no concentrated exposure to moving mechanical parts or vibration.

6.    The claimant is unable to perform any relevant past work.

7.    The claimant was a younger individual age 18-49 on the application date and changed categories during the pendency of the application into an individual closely approaching advanced age.

8.    The claimant has at least a high school education and is able to communicate in English.

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.    The claimant has not been under a disability, as defined in the Social Security Act, from February 3, 2016 through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final

decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

2

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual

findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III.  Analysis

Plaintiff argues that the ALJ erred in weighing the physician reports in the record. The Commissioner argues that the opinion is supported by substantial evidence.

The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2). Plaintiff's treating physician concluded, among other things, that Plaintiff was limited to how long he could sit or stand at one time, would be off-task approximately 25% or more of a workday, and was likely to miss 3

or more days of work per month because of his back pain, sciatica, and difficulties with his right leg, and that he based his conclusions on MRIs and operative findings. AR 314-317. Similarly, an examining physician concluded that Plaintiff "is unable to do work related activities such as sitting, standing, walking, or lifting due to pain." AR 309.

The ALJ explained that he found the medical source statement completed by Plaintiff's treating physician to be "not persuasive" because "his opinion that the claimant would be absent more than three days during a month [is] not consistent with his treatment records, which indicated normal strength and range of motion." AR 65. He also concluded that the opinion of the state agency examining physician was unpersuasive because his opinion of Plaintiff's inability to do certain work-related activities was "not consistent" with the physician's "physical examination of the claimant, which reflected fairly normal findings that are consistent with the assigned residual functional capacity." AR 65.

Not only are there significant similarities between the two opinions, making them more persuasive, 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."), but it appears that the ALJ is substituting his own medical judgment for that of the physicians by concluding that some normal test results mean that the physicians' analysis of Plaintiff's pain and physical limitations are incorrect. The analysis raises concerns that the ALJ is substituting his own medical judgment for that of actual medical professionals and that he is giving weight to only the more normal findings in the record rather than the significant reports of pain and physical limitations. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) ("ALJs are required to rely on expert

5

opinions instead of determining the significance of particular medical findings themselves."); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"). Rather than rely on the opinion of the treating or examining physician, the ALJ instead relied on the opinions of the state agency medical consultants who reviewed Plaintiff's file, despite the requirement that an ALJ must take into account that the length and extent of the treatment relationship, as well as the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder. 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions.").

The ALJ must "provide a 'logical bridge' between the evidence and his conclusions," but he has failed to do so in this case. *O'Connor-Spinner*, 627 F.3d at 618. The case must be remanded for a thorough weighing of the evidence in the record, including considering the weight to be given medical opinions in the record in accordance with the regulations. On remand, the ALJ is also

reminded that he must consider the claimant's statements about his symptoms, such as pain, and

how the symptoms affect his daily life and ability to work. See 20 C.F.R. § 404.1529(a); SSR 16-

3p, 2016 SSR LEXIS 4, 2017 WL 5180304; *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014)

("An ALJ must consider subjective complaints of pain if a claimant has established a medically

determined impairment that could reasonably be expected to produce the pain.").

## VI.      Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's

Opening Brief [DE 20] and **REMANDS** this matter for further proceedings consistent with this

opinion.

SO ORDERED this 25th day of February, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record